UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **MATTHEW SHANE WILBUR,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No. 3:20-CV-202-PLR-DCP |
| **KNOX COUNTY MEDICAL STAFF, NURSE LESLIE, P.S. HOLT, and NURSE DACUS,** | ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On June 29, 2020, the Court entered an order allowing Plaintiff fifteen days to file an amended complaint and notifying him that if he failed to do so, this action would be dismissed [Doc. 9 p. 2–3]. More than thirty days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

1

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, the Court warned Plaintiff that it would dismiss this case if he failed to comply with the Court's order [*Id.*]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff is proceeding *in forma pauperis* in this matter and he has not complied with the Court's previous order or otherwise communicated with the Court despite having ample time to do so.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). The Court also **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

E N T E R:

_____
**CHIEF UNITED STATES DISTRICT JUDGE**